UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

POWER MOBILE LIFE LLC,

Plaintiff,

v.

SHENZHEN SHERMON
TECHNOLOGY CO., LIMITED,

Defendant.

Case No.

COMPLAINT FOR DECLARATORY
JUDGMENTS OF PATENT NON-
INFRINGEMENT AND INVALIDITY

**[Demand for Jury Trial]**

Plaintiff Power Mobile Life LLC ("Plaintiff" or "Power Mobile") brings this Complaint for Declaratory Judgment against Defendant Shenzhen Shermon Technology Co., Limited ("Shermon" or "Defendant") and alleges as follows:

## THE PARTIES

1. Plaintiff Power Mobile Life LLC is a limited liability company organized and existing under the laws of the State of Washington, with its principal place of business located at 10900 NE 8th Street, Suite 501, Bellevue, Washington 98004. Power Mobile Life sells the Accused Product (defined below) on Amazon.

COMPLAINT -- 1

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

2.    Upon information and belief, Defendant Shenzhen Shermon Technology Co., Limited is a company organized and existing under the laws of the People's Republic of China. Shermon has a place of business at 501, E Times Building, Heng Road, No. 159, North Pingji Avenue, Hehua Community, Pinghu Street, Longgang District, Shenzhen, China.  Shermon is the assignee of record for U.S. Patent No. 11,503,975.

## NATURE OF THE ACTION

3.    Plaintiff seeks declaratory judgments of invalidity and non-infringement of U.S. Patent No. 11,503,975 (the "'975 Patent") arising under the patent laws of the United States and 28 U.S.C. §§ 2201-2202 of the Declaratory Judgment Act.  A copy of the '975 Patent is attached as Exhibit A.

4.    This relief is necessary because Defendant has asserted ownership of the '975 Patent and accused Plaintiff of infringing the '975 Patent by selling robotic vacuum products on Amazon under the following Amazon Standard Identification Number ("ASIN"): B0FK2HPNCB (the "Accused Product").

5.    Specifically, Defendant submitted a complaint to Amazon under Amazon's Patent Evaluation Express ("APEX") procedure that threatens to remove Plaintiff's product listing for the Accused Product from Amazon.

6.    Plaintiff denies that the Accused Product infringes any valid and enforceable claim of the '975 Patent. Plaintiff further contends that the claims of the

COMPLAINT -- 2

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

'975 Patent are invalid. Therefore, an actual controversy exists between Plaintiff and Defendant.

## JURISDICTION AND VENUE

7.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, because this action arises under the laws of the United States, and in particular the Patent Act of the United States, 35 U.S.C. § 100 *et seq.*, and seeks relief under the Federal Declaratory Judgment Act.

8.    This Court has personal jurisdiction over Defendant because Defendant has purposefully directed extra-judicial patent enforcement activities at this District. Defendant has submitted an APEX complaint to Amazon, who administers the APEX program with a principal place of business is in Seattle, Washington. Defendant has also directed the APEX process at Plaintiff, a legal entity registered in Washington State with a principal place of business located at Bellevue, Washington. *See SnapRays, DBA SnapPower v. Lighting Def. Grp.*, 100 F.4th 1371, 1373-1378 (Fed. Cir. 2024), *cert. denied*, 145 S. Ct. 1424 (2025).

9.    Furthermore, by signing the APEX agreement governing its participation in the APEX procedure, Defendant agreed that "[p]articipants agree to the jurisdiction and venue of the federal and state courts located in King County, Seattle, Washington."

COMPLAINT -- 3

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

10. Venue properly exists in this Judicial District pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to the claims of this Declaratory Judgment action occurred in this District. Alternatively, venue properly exists in this Judicial District pursuant to 28 U.S.C. § 1391(c)(3) as Defendant is not a resident in the United States and may be sued in any judicial district. The APEX Agreement Defendant executed further provides that disputes arising out of the APEX process shall be litigated in the federal or state courts located in King County, Seattle, Washington.

11. As described in more detail below, an immediate, real, and justiciable controversy exists between Defendant and Plaintiff as to whether the Accused Product sold by Plaintiff infringes the '975 Patent, and whether any claim of the '975 Patent is valid. Because this action presents an actual controversy with respect to the non-infringement and invalidity of the '975 Patent, the Court may grant the declaratory relief sought under 28 U.S.C. §§ 2201-2202.

## FACTUAL BACKGROUND

12. Power Mobile is the U.S. subsidiary of a Chinese company known as Anker Innovations Limited ("Anker"). Anker is renowned for its mobile charging products under the Anker brand. Anker has also developed and marketed various smart-home products including security cameras and robot vacuums under a separate Eufy brand. Power Mobile is a registered Amazon Seller for selling Eufy-

COMPLAINT -- 4

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

branded products on Amazon. Power Mobile operates an Amazon storefront known as EufyHome.

13.     The Accused ASIN B0FK2HPNCB Product is a Eufy branded robot vacuum, available for purchase on Amazon. A printout of the Amazon listing page for the B0FK2HPNCB Product is attached hereto as Exhibit C.

14.     The '975 Patent, entitled "Dry-Wet Separation Cleaning Floor Brush," was filed with the USPTO on March 27, 2020, and issued on November 22, 2022. The '975 Patent claims priority to Japanese Patent Application No. JP 2020-055351, dated March 26, 2020. The named inventors are Xiaofeng Wang, Shangliu Liu, and Chaoliang Ma. The current assignee of the '975 Patent is Shermon.

15.     On or about April 29, 2026, Defendant executed an Amazon Patent Express Evaluation Agreement (the "APEX Agreement"), asserting the Accused Product (along with several other non-Eufy branded products) infringe Claim 1 of the '975 Patent. A true and correct copy of the executed APEX Agreement is attached hereto as Exhibit B. On information and belief, Shermon submitted the APEX Agreement to Amazon on or about the same date. The submission initiated Amazon's APEX procedure for resolving the patent dispute between Defendant Shermon and Plaintiff Power Mobile.

16.     On or about April 30, 2026 (Beijing time), Plaintiff received a notice from Amazon under the APEX procedure (the "APEX Notice"), informing Plaintiff

COMPLAINT -- 5

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

that the Accused Product has been identified as potentially infringing the '975 Patent and that the ASIN listing is subject to removal within twenty-one (21) days if the notice is ignored. A true and correct copy of the APEX Notice is attached hereto as Exhibit D.

17.    The Amazon APEX procedure is an extra-judicial process with the stated goal to efficiently resolve claims that third-party sellers infringe utility patents on Amazon. The APEX procedure does not allow for discovery, trial, or a hearing. The APEX procedure permits only two defenses other than non-infringement. The first defense is a pre-existing finding of patent invalidity or unenforceability by a court or federal governmental agency. The second is a showing that the Accused Product was on sale for more than one year before the asserted patent's earliest effective filing date.

18.    Under the APEX procedure, Amazon will remove  an accused listing at the end of a three-week period from the date of the APEX Notice unless, within the period, that (i) the Amazon seller settles with the patent owner and the patent owner retracts the complaint; (ii) the Amazon seller participates in the full APEX program and submits the dispute to a neutral evaluator appointed by Amazon to determine whether the product at issue is likely infringing or not; or (iii) the Amazon seller files a declaratory judgment action in the Federal Court and notifies Amazon of the filing.

COMPLAINT -- 6

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

19. Power Mobile does not infringe the '975 Patent. Alternatively, the '975 Patent is invalid.

20. The Accused Product does not infringe on the '975 Patent because the Accused Product does not, at a minimum, meet the claim limitation reciting "a partition plate [provided within a housing of the product] dividing the inner part of the housing into a first storage chamber and a second storage chamber which are disconnected to each other."

21. The '975 Patent is invalid because the claims that Defendant has asserted or intends to assert are either anticipated or rendered obvious by at least the following prior art: a Chinese Patent Application No. CN201810528117.5 with a publication number CN108606730A (the "CN730 Reference"). A true and correct copy of the CN730 Reference, along with a Google machine translation, is attached as Exhibit E.

22. The CN730 Reference is published on October 2, 2018. The reference constitutes prior art with respect to the '975 Patent under 35 U.S.C. § 102(a).

23. A case or controversy exists as to whether any of the claims of the '975 Patent are valid and whether any valid and enforceable claim of the '975 Patent is infringed by the Accused Product.

COMPLAINT -- 7

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

## COUNT 1: DECLARATORY JUDGMENT OF NON-INFRINGEMENT

24.    The allegations of paragraphs 1 through 23 are incorporated herein by reference with the same force and effect as if set forth in full below.

25.    Upon information and belief, Defendant is the owner of the '975 Patent.  Defendant asserts that at least Claim 1 of the '975 Patent is infringed by the Accused Product.

26.    The '975 Patent has three independent claims – Claims 1, 9, and 16.

27.    The independent claims of the '975 Patent have the following common limitation – "A dry-wet separation cleaning floor brush comprising a housing, …, wherein the housing is provided with a partition plate dividing the inner part of the housing into a first storage chamber and a second storage chamber which are disconnected to each other".

28.    The Accused Product does not infringe on any claim of the '975 Patent because the Accused Product does not, at a minimum, meet the common limitation above reciting "a partition plate [provided within a housing] dividing the inner part of the housing into a first storage chamber and a second storage chamber which are disconnected to each other."

29.    An actual, substantial, continuing, and justiciable case or controversy exists regarding whether any claim of the '975 Patent is or will be infringed by the Accused Product.

COMPLAINT -- 8

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

30.    Declaratory relief is appropriate and necessary to establish that the sale or offer to sale of the Accused Product does not infringe any valid and enforceable claim of the '975 Patent and to avoid irreparable injury and damage to Plaintiff.

31.    Pursuant to 28 U.S.C. §§ 2201 and 2202, Plaintiff is entitled to a declaratory judgment that the Accused Product does not infringe any claim of the '975 Patent.

## COUNT II: DECLARATORY JUDGMENT OF INVALIDITY

32.    The allegations of paragraphs 1 through 31 are incorporated herein by reference with the same force and effect as if set forth in full below.

33.    Defendant asserts that at least Claim 1 of the '975 Patent is infringed by the Accused Product.  Upon information and belief, Defendant may also assert that claims 9 and 16 are infringed by the Accused Product.

34.     Upon information and belief, Defendant would contend that all claims of the '975 Patent are valid and enforceable.

35.    At least claims 1, 9, and 16 of the '975 Patent are invalid for failure to comply with the requirements for patent laws of the United States, including but not limited to 35 U.S.C. §§ 102, and 103.

36.    Independent claims 1, 9 and 16 of the '975 Patent are invalid as anticipated under 35 U.S.C. § 102 by, *inter alia*, the CN730 Reference. The

COMPLAINT -- 9

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

reference is published on October 2, 2018.  The reference constitutes prior art with respect to the '975 Patent under 35 U.S.C. § 102(a).

37.    The CN730 Reference discloses each and every limitation of Claim 1 of the '975 Patent. The reference similarly discloses each and every limitation of Claims 9 and 16 of the '975 Patent. For example, the reference discloses a vacuum cleaner having a housing, a stiff roller brush, and a soft roller brush.  The reference also teaches that "the stiff roller brush is partially contained in the first storage chamber and is movably connected to the housing, and the stiff roller brush partially protrudes the housing" and "the soft roller brush is partially contained in the second storage chamber and is movably connected to the housing, and the soft roller brush partially protrudes the housing."  (*E.g.*, '975 Patent, Claim 1, preamble). The reference further teaches that "the first storage chamber is provided with a vacuum cavity, and the stiff roller brush is partially contained in the vacuum cavity and is movably connected to the housing" and the first storage chamber having "a dust collection cavity and a dust passage through which the vacuum cavity is connected with the dust collection cavity, wherein external dust is sucked into the vacuum cavity by the rotation of the stiff roller brush, and external dust is stored in the dust collection cavity through the dust passage."

COMPLAINT -- 10

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

38.    An actual case or controversy exists regarding whether at least some of the '975 Patent claims that Defendant has asserted or would assert against Plaintiff are valid.

39.    Declaratory relief is appropriate and necessary to establish that at least some of '975 Patent claims are invalid and to avoid irreparable injury and damage to Plaintiff.

40.    Pursuant to 28 U.S.C. §§ 2201 and 2202, Plaintiff is entitled to a declaratory judgment that certain claims of the '975 Patent are invalid.

## **RESERVATION OF RIGHTS**

41.    Plaintiff hereby reserves the right to amend the Complaint with additional claims or defenses as the scope of its dispute with Defendant evolves, and/or as discovery proceeds in this matter.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the Court to enter judgment as follows:

A.    Declare that certain claims of the '975 Patent are invalid;

B.    Declare that the Accused Product does not infringe and has not infringed, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the '975 Patent;

COMPLAINT -- 11

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

C.  Declare Plaintiff as the prevailing party and this case as exceptional and award Plaintiff its reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

D.  Award recoverable costs as allowed by law; and

E.  Such other and further relief as the Court deems just and proper.

## DEMAND FOR A JURY TRIAL

42.  Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

DATED May 19, 2026                    Respectfully submitted,

By: s/ Li-Yu Chen
Li-Yu Chen, WSBA #61951
K&L Gates LLP
925 Fourth Avenue Suite 2900
Seattle, WA  98104
Telephone:  206.623.7580
Email: jade.chen@klgates.com

Hua Chen, CASBN #241831
*Pro Hac Vice* forthcoming
Calvin Chai, CASBN #253389
*Pro Hac Vice* forthcoming
ScienBiziP, P.C.
550 S Hope Street Suite 2825
Los Angeles, CA  90071
Telephone:  213.426.1771
Email: huachen@scienbizippc.com
            calvinchai@scienbizippc.com

Attorneys for Plaintiff Power Mobile Life LLC

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

COMPLAINT -- 12